UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Terry Vincent Fobbs,

    Plaintiff,

v.                                                        Case No.  13-11288
                                                        Honorable Sean F. Cox
                                                        Magistrate Judge Charles E. Binder

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

    Defendant.
_____/

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    Plaintiff brought this action seeking judicial review of the Commissioner of Social Security's determination that he is not entitled to disability insurance benefits and supplemental security income for his physical impairments under 42 U.S.C. § 405(g).  (Doc. #1).

    Some time thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. #11 and Doc. #14).  All proceedings in this case were conducted by Magistrate Judge Charles E. Binder, and other magistrate judges, pursuant to 28 U.S.C. § 636(c).

    On August 5, 2014, Magistrate Judge Binder issued a Report and Recommendation ("R&R") wherein he recommended that the Court GRANT Plaintiff's Motion for Summary Judgment, DENY Defendant's Motion for Summary Judgment, and remand the case to the AJL for further proceedings. (Doc. # 16).  Defendant timely filed objections to this R&R on August 18, 2014 (Doc. #17).  Plaintiff has not responded to Defendant's objections, and the time for such response has

1

passed.

Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*.

Having considered Defendant's objections to the R&R, the Court finds the objections to be without merit. The Court shall therefore adopt the R&R, grant Plaintiff's Motion for Summary Judgment, and deny Defendant's Motion for Summary Judgment.

## ANALYSIS

Plaintiff's Motion for Summary Judgment sought to have this Court reverse the Administrative Law Judge's (ALJ) conclusion that Plaintiff is not disabled because he could perform his past relevant work as a dispatcher. At step four of the required analysis, the ALJ determined that Plaintiff could perform his past relevant work as dispatcher, as Plaintiff actually performed it:

> A job is considered past relevant work if it is work the claimant has performed within the past 15 years, met the definition of substantial gainful activity, and lasted long enough for the claimant to learn to do it.
>
> A review of the claimant's earnings records reveals that the claimant's past work as a maintenance worker, dispatcher, and other temporary jobs qualify as past relevant work as they were performed within the past fifteen (15) years; were of long enough duration to allow the claimant to fully learn all duties of the job; and, while not always performed at the level of substantial gainful activity, were performed at the level of substantial gainful activity in the past.
>
> The vocational expert classified the claimant's past relevant work as follows: maintenance work (unskilled, medium); dispatcher (semi-skilled, sedentary); and various other temporary jobs (unskilled, light to medium). In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform his past relevant work as a dispatcher as he actually performed it.

(Tr. at 22). These three paragraphs comprises the entirety of the ALJ's analysis at step four.

In his Motion for Summary Judgment, Plaintiff argued that the ALJ erred in finding that Plaintiff could perform his dispatcher job as he actually performed it because the ALJ "failed to inquire into the demands of that position." (Pl. Mo., Doc. #11, at 10). Plaintiff further argued that the ALJ "cannot reasonably conclude that a claimant can return to his past work without engaging in an any analysis of what that job entails." (Pl. Mo. at 10). Defendant cross-motioned for summary judgment, arguing that Plaintiff did not meet his burden to prove his inability to perform past relevant work. (Def. Mo., Doc. #14, at 13).

Magistrate Judge Binder recommended that the Court grant Plaintiff's motion and remand the case because the ALJ did not make findings of fact regarding the requirements of Plaintiff's previous dispatcher job *as Plaintiff performed it*. (R&R at 14-15). Magistrate Judge Binder found an inconsistency between Plaintiff's testimony regarding his duties as a dispatcher, and his residual functional capacity ("RFC") to perform sedentary work. (R&R at 14). Specifically, Magistrate Judge Binder noted that Plaintiff testified that, as a dispatcher, he lifted and moved tires and occasionally lifted twenty pounds. Yet Plaintiff's RFC limits his lifting ability to only ten pounds, and only on an occasional basis. (R&R at 9).

In regards to the August 5, 2014 R&R, Defendant objects to the Magistrate Judge's finding by arguing that "a close reading of the hearing testimony indicates that the VE was describing the dispatcher job as Plaintiff actually performed it . . . [because] the ALJ confirmed that he wanted the VE to assume 'that it's as performed by the claimant . . . ." (Obj. To R&R, Doc. #17, at 2-3). Therefore, Defendant's argument goes, "it was entirely reasonable . . . for the ALJ to conclude that the VE was describing Plaintiff's past dispatcher job as he actually performed it." (Obj. to R&R,

Doc. #17, at 2-3). Defendant also argues that there is no inconsistency between the RFC and the ALJ's holding because lifting tires is not part of the dispatcher job description. Defendant maintains that Plaintiff explained at the hearing that lifting and moving tires was only an extraneous task. (Obj. To R&R at 3).

The Court finds these objections without merit. As Magistrate Judge Binder explained in his R&R:

> The decision does not state whether the findings pertain to the jobs as generally performed or the jobs as Plaintiff performed them. Even if it is assumed that they relate to the jobs as performed, there exists an inconsistency between the dispatcher job as Plaintiff reported and testified that he performed it, and the sedentary exertional level as testified to by the VE and in the RFC findings. Plaintiff testified that he lifted and moved tires in the dispatcher job and he reported that the heaviest weight he lifted was twenty pounds. These weights exceed the sedentary exertional level set forth in the RFC and as the dispatcher job is generally performed. The ALJ gave no explanation as to how this inconsistency was resolved. The requirements of Plaintiff's past work as performed are critical where the ALJ has concluded that Plaintiff is not disabled at step four because Plaintiff can perform this work as he performed it in the past. The ALJ failed to explain in his decision why Plaintiff can perform his relevant past work as actually performed and therefore this finding is not supported by substantial evidence.

(R&R at 14) (internal citations omitted).

This Court agrees with the Magistrate Judge's analysis. The ALJ found that Plaintiff could perform the dispatching job as he actually performed it. However, Plaintiff's testimony clearly indicates that, as he performed the dispatching job, he lifted and moved tires. (Tr. at 32-33). While lifting tires may not be a required activity in the dispatcher job description, it was a duty that Plaintiff performed as a dispatcher. His RFC does not provide that he is able to lift tires. This inconsistency is not resolved by the hearing transcript of the ALJ's opinion and is critical to the proper disposition of this case. Thus, Defendant's objections lack merit.

Defendant has presented no argument that persuades this Court to reject Magistrate Judge

4

Binder's conclusions. Accordingly, the Court concludes that Defendant's objections to the August 5, 2014 R&R are without merit and shall ADOPT AND ACCEPT the August 5, 2014 R&R. Thus, the Court shall GRANT Plaintiff's Motion for Summary Judgment, DENY Defendant's Motion for Summary Judgment, AND REMAND the case for further proceedings consistent with this Court's opinion.

## ORDER

For the reasons set forth above IT IS ORDERED that the Court ACCEPTS AND ADOPTS the August 5, 2014 R&R. IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED and Defendant's Motion for Summary Judgment is DENIED. IT IS FURTHER ORDERED that this case shall be REMANDED to the ALJ for further proceedings.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 16, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 16, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager